# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 16-9609-GW (GJSx) | Date | June 16, 2017 |
|---|---|---|---|
| Title | *Battery-Biz, Inc. v. Smart Power Solutions, Inc.* | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge |
|---|---|

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS): **ORDER TO SHOW CAUSE RE DIVERSITY JURISDICTION**

On December 29, 2016, Battery-Biz, Inc. ("Plaintiff"), sued Smart Power Solutions, Inc. ("Defendant") for: (1) breach of contract; (2) breach of warranty; and (3) statutory indemnity. *See generally* Complaint, Docket No. 1. On May 5, 2017, Defendant filed its Answer to Plaintiff's Complaint, asserting counterclaims against Plaintiff for fraud and declaratory relief. *See* Docket No. 15 at 13-15. Plaintiff subsequently filed a Motion to Dismiss Counterclaims, which is currently set for hearing on July 13, 2017. *See* Docket Nos. 19, 27. In addition, Defendant filed an Opposition to Plaintiff's Motion to Dismiss Counterclaims on June 12, 2017. Docket No. 28.

This Court has an obligation to ensure that subject matter jurisdiction exists before proceeding. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same). Moreover, "the party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court." *Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).

Both Plaintiff and Defendant assert that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332. *See* Docket No. 1 ¶ 1; *see also* Docket No. 15 at 11. As Plaintiff invoked the Court's diversity jurisdiction, Plaintiff bears the concomitant burden to allege that such jurisdiction is proper – in particular, that the citizenships of the parties are completely diverse. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction."); *accord* O'Connell & Stevenson, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 2:1405 (The Rutter Group 2016); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (noting that the "party asserting diversity jurisdiction bears the burden of proof" and failure to state citizenship was "fatal" to assertion of diversity jurisdiction).

For diversity purposes, a corporation is a citizen of any state or foreign state by which it has been incorporated, and of the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *accord* O'Connell & Stevenson, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 2:1273 (The Rutter Group 2016) (citation omitted). The phrase "principal place of business" means the location where high-level corporate officers "direct, control, and coordinate the corporation's activities,"

metaphorically referred to as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010); *see also Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) (confirming that proper diversity pleading for incorporated entities requires "the assertion of facts regarding the location of a party's principal place of business"). In cases involving alien corporations, "principal place of business" means "the corporation's principal place of business *anywhere in the world, not merely within the United States*." *Continental Motion Pictures v. Allstate Film Co.*, 590 F. Supp. 67, 71 (C.D. Cal. 1984) (emphasis in original) (concluding that, where alien plaintiff's worldwide place of business was Panama, the plaintiff properly alleged diversity jurisdiction in corporation's action against California citizen and Nevada corporation, even though some of the plaintiff's global business occurred in California); *see also Danjaq v. Pathe Commc'ns Corp.*, 979 F.2d 772, 774 (9th Cir. 1992).

     Plaintiff claims to be an entity incorporated under the laws of California, with its principal place of business in California. Docket No. 1 ¶ 4. Additionally, Plaintiff asserts that Defendant is a South Korean corporation "who [*sic*] at all times . . . manufactur[ed], produc[ed], suppl[ied], and import[ed] electronic products . . . from South Korea," and "[sold] these products throughout the United States, including in this judicial district." *Id.* ¶ 5. Despite alleging its own principal place of business, Plaintiff fails to allege Defendant's principal place of business anywhere in the Complaint. *Compare id.* ¶ 4, *with id.* ¶ 5.

     Plaintiff's assertion that Defendant's conduct in this judicial district flows "*from* South Korea" alone provides an insufficient basis for concluding that the parties' citizenships are completely diverse. *See id.* ¶ 5 (emphasis added). Indeed, Defendant may, in fact, manufacture, produce, supply, and import goods from South Korea while maintaining its operational "nerve center" in the State of California. On the face of the Complaint, the Court cannot rule out this possibility; the allegations supporting diversity jurisdiction are not sufficient. *See generally id.*

     Considering that the Court has an obligation to confirm subject matter jurisdiction, and that it is a plaintiff's burden to allege such jurisdiction when the suit is originally filed in federal court, the Court will require that Plaintiff address this issue before the lawsuit proceeds. The parties are currently scheduled to appear before this Court on July 3, 2017 for a scheduling conference. The Court orders Plaintiff to show cause in writing no later than June 27, 2017 why this action should not be dismissed for lack of subject matter jurisdiction. The Court will also entertain any arguments the parties wish to present on the issue at the scheduling conference.

     The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

Deputy Clerk - JG